UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at FRANKFORT

CIVIL ACTION NO. 07-71-GWU

LINDA N. BOYETTE,                                          PLAINTIFF,

VS.                          **MEMORANDUM OPINION**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,                DEFENDANT.

**INTRODUCTION**

Linda Boyette brought this action to obtain judicial review of an unfavorable

administrative decision on her application for Supplemental Security Income (SSI).

The case is before the court on cross-motions for summary judgment.

**APPLICABLE LAW**

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial

review of Social Security disability benefit cases:

1.    Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2.    Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3.    Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to Step 4. If no, the claimant is not disabled. See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 461.921.

1

07-71  Linda N. Boyette

4.      Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5.  If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).

5.      Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments)? If yes, the claimant is disabled.  If no, proceed to Step 6.   See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6.      Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform this kind of past relevant work?  If yes, the claimant was not disabled.  If no, proceed to Step 7.   See 20 C.F.R. 404.1520(e), 416.920(e).

7.      Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education, and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy?  If yes, the claimant is not disabled.   See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(1).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

Applying this analysis, it must be remembered that the principles pertinent to the judicial review of administrative agency action apply.  Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence.  Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991).  This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to

2

support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Garner, 745 F.2d at 387.

One of the detracting factors in the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987). These have long been well-settled principles within the Circuit. Jones, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain. Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms. 20 C.F.R. § 404.1529 (1991). However, in evaluating a claimant's allegations of disabling pain:

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1)

3

07-71  Linda N. Boyette

> whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

Another issue concerns the effect of proof that an impairment may be remedied by treatment. The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability. Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984). However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations. Id. Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the Court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups. Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987). Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way

4

07-71  Linda N. Boyette

to afford or obtain treatment to remedy his condition, <u>McKnight v. Sullivan</u>, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step six refers to the ability to return to one's past relevant category of work. <u>Studaway v. Secretary</u>, 815 F.2d 1074, 1076 (6th Cir. 1987). The plaintiff is said to make out a <u>prima facie</u> case by proving that he or she is unable to return to work. <u>Cf. Lashley v. Secretary of Health and Human Services</u>, 708 F.2d 1048, 1053 (6th Cir. 1983). However, both 20 C.F.R. § 416.965(a) and 20 C.F.R. § 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all. Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case. <u>Id.</u> at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. <u>E.g.</u>, <u>Faucher v. Secretary of Health and Human Services</u>, 17 F.3d 171 (6th Cir. 1994). One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

5

07-71  Linda N. Boyette

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities.  20 C.F.R. § 404.1567(b).  "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing.  20 C.F.R. § 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990).  If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid.  Ibid.

6

07-71  Linda N. Boyette

In such cases, the agency may be required to consult a vocational specialist. <u>Damron v. Secretary</u>, 778 F.2d 279, 282 (6th Cir. 1985).  Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments.  <u>Varley v. Secretary of Health and Human Services</u>, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Boyette, a 47-year-old woman with no past relevant work history and a "limited" education, suffered from impairments related to alcohol dependency (allegedly in remission), polysubstance abuse (allegedly in remission), estimated borderline intellectual functioning, a major depressive disorder, a personality disorder, anxiety, chronic low back and hip pain, being status post anterior fracture of the pelvis, and decreased visual acuity.  (Tr. 23, 30).  Despite the plaintiff's impairments, the ALJ determined that she retained the residual functional capacity to perform a restricted range of medium level work. (Tr. 28).  Since the available work was found to constitute a significant number of jobs in the national economy, the claimant could not be considered totally disabled. (Tr. 30-31).  The ALJ based this decision, in part, upon the testimony of a vocational expert.  (Tr. 31).

7

07-71  Linda N. Boyette

After review of the evidence presented, the undersigned concludes that the administrative decision is not supported by substantial evidence.  The ALJ erred in evaluating Boyette's mental condition.  However, the current record also does not mandate an immediate award of SSI.  Therefore, the court must grant the plaintiff's summary judgment motion, in so far as it seeks a remand of the action for further consideration, and deny that of the defendant.

Boyette argues that the ALJ erred in concluding that she did not meet the requirements of § 12.05(C) of the Listing of Impairments concerning mental impairments.  This Listing requires a claimant to produce: "A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing additional and significant work-related limitation of function . . . ."  20 C.F.R., Part 404, Subpart P, App. 1, § 12.05(C).  The regulations further provide that: "Mental retardation refers to a significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e. the evidence supports onset of the impairment before age 22."  20 C.F.R., Part, 404, Subpart P, App. 1, § 12.05. Therefore, to satisfy the requirements of § 12.05(C), a claimant must demonstrate an IQ in the appropriate range which was manifested in the developmental period as well as another mental or physical impairment.

8

07-71  Linda N. Boyette

In the present case, Boyette was undisputedly found to suffer from impairments concerning chronic low back pain, anxiety, and a major depressive disorder.  These impairments satisfy the requirement of an additional other mental or physical impairment.  Therefore, the issue presented in this action concerns whether a valid IQ score, manifesting itself prior to the age of 22, was obtained.

Psychologist Thomas Czerlinsky examined Boyette and administered the Wechsler Adult Intelligence Scale-III test.  This testing revealed a Verbal IQ score of 71, a Performance IQ score of 71 and a Full Scale IQ score of 70.  (Tr. 362).  Where the record contains more than one valid IQ score, the administrative regulations require the use of the lowest score.  20 C.F.R. Part 404, Subpart P, Appendix 1, Rule 12.00(D)(6)(c).  Thus, the plaintiff's 70 Full Scale IQ score could be considered to meet the Listing if found valid.

Czerlinsky stated that, because of Boyette's anxiety, her test results should be interpreted with caution.  (Tr. 302).  However, the examiner also stated that "she was compliant throughout the process, and it is judged that she was sincere in her efforts, and that the results appear to be valid." (Id.).  Czerlinsky later noted that the claimant was "currently functioning in the mildly mentally retarded range of intellectual functioning." (Tr. 304). Thus, despite some equivocation, the examiner appeared to have considered the score to be valid.

9

07-71  Linda N. Boyette

Psychologist Jill Rowan reviewed the record and indicated on a Psychiatric Review Technique form that no Listing Section had been met or equaled.  (Tr. 327-340).  However, Rowan did not even consider the issue of § 12.05(C) being met.  The reviewer did note the Full Scale IQ score within Listing range.  (Tr. 339).  Rowan appears to have overlooked this score or been mistaken about its significance for Listing purposes since she later erroneously states that all of the plaintiff's IQ scores were within the borderline range.  (Tr. 343).  However, as previously noted, the administrative regulations clearly indicate that one valid score of 70 is sufficient to meet the requirements of § 12.05(C) concerning mild mental retardation.   Therefore, Rowan's opinion does not provide support for the administrative denial decision.

The defendant cites the report of Dr. Arthur Meyer, a psychiatrist who attended Boyette during a hospitalization at Central State Hospital, as supporting a finding that the plaintiff did not meet the requirements of § 12.05(C).  Dr. Meyer indicated finding no significant impairment in intellectual functioning upon administration of the "usual tests of intellectual functioning." (Tr. 486).  Dr. Meyer did not identify the type of tests he administered, but appeared to have merely asked her a few questions.  (Id.).  The administrative regulations provide that "standardized intelligence test results are essential to the adjudication of all cases of mental retardation that are not covered under the provisions of 12.05A." 20

10

07-71  Linda N. Boyette

C.F.R. Part 404, Subpart P, Appendix 1, Rule 12.00(D)(6)(b).  Dr. Meyer does not appear to have administered a standardized intelligence test and did not see and comment upon the testing administered by Czerlinsky.  Therefore, this statement alone would not be sufficient to invalidate the IQ score found by Czerlinsky.

Boyette must also demonstrate that she suffered from deficits in adaptive functioning which were manifested prior to the age of 22 in order to meet the requirements of § 12.05(C).  The ALJ did not address this question in the text of his denial decision.  (Tr. 21-31).  Therefore, a remand of the action for further consideration will be required.

The undersigned concludes that the administrative decision must be reversed and the action remanded to the Commissioner for further consideration of Boyette's mental status.  Therefore, the court must grant the plaintiff's summary judgment motion, in so far as such relief is achieved and deny that of the defendant. A separate judgment and order will be entered simultaneously consistent with this opinion.

This the 20th day of August, 2008.



**Signed By:**

_G. Wix Unthank_

**United States Senior Judge**

11